UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LIAM ALEXANDER, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Civil Action No. 23-0006 (CKK) |
| LEMONADE, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Preliminary Motion to Dismiss [ECF No. 4], filed on February 27, 2023. For the reasons discussed below, the Court GRANTS the motion.[1]

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, appears to allege that defendant breached an insurance contract by failing to pay claims pertaining to plaintiff's former residences in Washington, DC, Bronx, NY and Atlanta, GA. *See* Compl. at 4. Consequently, plaintiff alleges, he has suffered "catastrophic personal and professional damages as well as life-threatening medical complications[.]" *Id*. Among other relief, *see id*. at 4-5, plaintiff demands an award of $50,000,000, *id*. at 5.

---

[1] The Court's consideration focused on the following documents:

- Complaint (ECF No. 1, "Compl.")
- Memorandum of Grounds and Authorities (ECF No. 4-2, "Def.'s Mem.")

1

On February 27, 2023, defendant filed a motion to dismiss on two grounds: failure to state a claim upon which relief can be granted, and lack of subject matter jurisdiction. *See generally* Def.'s Mem. On March 1, 2023, the Court issued an Order (ECF No. 5) directing plaintiff to file an opposition or other response to the motion by April 3, 2023. The Order warned plaintiff that, if he failed to file a timely response, the Court would rule on defendant's motion without the benefit of his position. To date, plaintiff neither has filed a response to the motion nor requested additional time to file a response.

## II. DISCUSSION

### A. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

"Federal courts are courts of limited jurisdiction . . . [and it] is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under Rule 12(b)(1), the Court may dismiss a civil action for lack of subject matter jurisdiction. A plaintiff bears the burden of demonstrating that the court has jurisdiction over his claim. *See Lujan v. Defender. of Wildlife*, 504 U.S. 555, 561 (1992). "If a court lacks subject matter jurisdiction to entertain a claim, it must dismiss that claim." *Cofield v. United States*, 64 F. Supp. 3d 206, 211 (D.D.C. 2014) (citing Fed. R. Civ. P. 12(b)(1), 12(h)(3)).

Plaintiff asserts federal question jurisdiction, *see* Compl. at 2, whereby a district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. But a breach of contract claim is not a federal question. *See RGI Events & Pub. Relations, LLC v. Al Qurm Mgmt. Consultancy*, No. 18-cv-1828 (BAH), 2019 WL 935498, at *2 n.1 (D.D.C. Feb. 26, 2019) (remarking that "D.C. law claims for breach of contract, misappropriation of trade secrets, and tortious interference do not remotely raise a

federal question"); *Campos v. Riteway Med. Equip. Supplies & Nursecare, Inc.*, 18-cv-1200 (UNA), 2018 WL 4194067, at *1 (D.D.C. June 13, 2018) (finding that complaint raising breach of contract claim does not raise a federal question); *Masoud v. Suliman*, 816 F. Supp. 2d 77, 80 (D.D.C. 2011) (concluding that complaint asserting "four common law claims for breach of contract, fraud, misrepresentation, and unjust enrichment" does not present claim for relief under federal law); *see also MobilizeGreen, Inc. v. Cmty. Found. for Nat'l Cap. Region*, 101 F. Supp. 3d 36, 48 (D.D.C. 2015) (remanding action to Superior Court of the District of Columbia "because no federal question jurisdiction arises from MobilizeGreen's breach of contract claim"). The Court concurs with defendant's assessment that a "breach of contract claim . . . is traditionally a state law claim, and certainly does not implicate [f]ederal [q]uestion jurisdiction." Def.'s Mem. ¶ 13.

Because it appears that the parties are residents of different states and plaintiff alleges that the amount in controversy exceeds $75,000, *see* Compl. at 1-2, 5, it is possible that diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]"). Even if diversity jurisdiction exists, the complaint still is subject to dismissal because it falls far short of stating a viable legal claim.

**B. The Complaint Fails to State a Claim Upon Which Relief May Be Granted**

A plaintiff need only provide a "short and plain statement of [his] claim showing that [he is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain

3

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Wood v. Moss*, 572 U.S. 744, 757–58 (2014).  A facially plausible claim pleads facts that are not "'merely consistent with' a defendant's liability" but that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

A *pro se* complaint must "'be liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted)).  Nonetheless, a *pro se* plaintiff is not excused from complying with applicable procedural rules and "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. 678); *see also Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2011).

"Under District of Columbia law, in order to show a breach of contract, "a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Corp. Sys. Res. v. Washington Metro. Area Transit Auth.*, 31 F. Supp. 3d 124, 129 (D.D.C. 2014) (citations, footnote, and internal quotation marks omitted).  A breach of contract claim "survive[s] a Rule 12(b)(6) motion to dismiss" if "the plaintiff . . . describe[s] the terms of the alleged contract and the nature of the defendant's breach." *Francis v. Rehman*, 110 A.3d 615, 620–21 (D.C. 2015) (citing *Nattah v. Bush*, 605 F.3d 1052, 1058 (D.C. Cir. 2010)).  The meager facts in this complaint fail to allege a plausible claim.  Missing are any facts establishing that a contractual

agreement exists between the parties, stating the terms of the contract, and specifying where, when and how defendant breached the contract. And as defendant states, the complaint "is simply void of any information that would give [it] the opportunity to investigate and respond to the . . . [c]omplaint." Def.'s Mem. ¶ 8.

The Court concludes that the complaint fails to state a breach of contract claim and, accordingly, the complaint must be dismissed. *See Scarlett v. Nat'l Sci. Found. Off. of Inspector Gen.*, No. 22-cv-0188 (BAH), 2022 WL 17830227, at *7 (D.D.C. Dec. 21, 2022) ("[E]ven construing plaintiff's allegations liberally in light of her *pro se* status, plaintiff has failed to allege both that she entered a contract with [defendant] and that [defendant] breached any obligation to her as a result of such a contract").

## III. CONCLUSION

The Court concludes that plaintiff's complaint neither establishes federal question jurisdiction nor states a claim upon which relief may be granted. Accordingly, defendant's motion to dismiss is granted. An Order is issued separately.

DATE: April 26, 2023                    /s/
                                         COLLEEN KOLLAR KOTELLY
                                         United States District Court Judge